# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, YOB, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JESSE J. DUNN**
**United States Army, Appellant**

ARMY 20100458

Headquarters, Fort Bliss
Michael J. Hargis, Military Judge
Lieutenant Colonel Jeffrey A. Miller, Staff Judge Advocate (pretrial)
Colonel Francis P. King, Staff Judge Advocate (recommendation and addendum)

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Laura R. Kesler, JA; Captain Meghan M. Poirier, JA.

For Appellee: Major Amber J. Williams, JA; Major Lajohnne A. White, JA.

29 February 2012

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of two specifications of absence without leave, one specification of violating a lawful general regulation, five specifications of wrongful use of cocaine, and two specifications of wrongful appropriation, in violation of Articles 86, 92, 112a, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 912a, and 921 [hereinafter UCMJ]. Appellant was sentenced to reduction to Private E1, forfeiture of all pay and allowances, confinement for six months, and a bad-conduct discharge. The convening authority approved the sentence as adjudged, crediting appellant with five days of confinement credit against the sentence to confinement. This case is before us for review pursuant to Article 66, UCMJ.

DUNN—ARMY 20100458

Appellant alleges the military judge erred by accepting appellant's plea to wrongful use of cocaine "on divers occasions"[1] when the providence inquiry failed to establish appellant used cocaine more than once.

We agree. We find no evidence that appellant used cocaine on more than one occasion between on or about 12 June 2009 and 19 June 2009; however, the providence inquiry, coupled with the stipulation of fact, clearly establish appellant used cocaine on one occasion during the aforementioned period. Therefore, this court excepts the words "on divers occasions" from Specification 3 of Charge I, confident that the evidence of record is both factually and legally sufficient to sustain a finding of guilty to the specification as modified: wrongful use of cocaine between on or about 12 June 2009 and 19 June 2009. *See generally*, *United States v. Scheurer*, 62 M.J. 100 (C.A.A.F. 2005).

The modified finding of guilty to Specification 3 of Charge I and the remaining findings of guilty are affirmed. We have considered the matters personally asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit. The modification of Specification 3 of Charge I does not dramatically change the sentencing landscape in appellant's case.[2] Reassessing the sentence based on the findings of guilty as modified, the entire record, the sentence adjudged at trial, and applying the principles of *United States v. Sales*, 22 M.J. 305, 307–09 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40, 42–44 (C.A.A.F. 2006), to include those factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court

---

[1] Specification 3 of Charge I, the specification at issue, reads as follows: "In that Specialist (E-4) Jesse J. Dunn, U.S. Army, did, at or near Fort Bliss, Texas, **on divers occasions** between on or about 12 June 2009 and 19 June 2009, wrongfully use cocaine" (emphasis added).

[2] Arguably, the sentencing landscape in appellant's case is unchanged as the military judge treated Specification 3 of Charge I as a single use offense.